■ In the Matter of Albert F. Casey, Appellant, v. Edward M. Fay, as Warden of Green Haven Prison, Respondent.— In a proceeding pursuant to statute (CPLR, art. 78; Correction Law, § 610) to direct the respondent, the Prison Warden, to recognize petitioner's rights with respect to freedom of worship, petitioner appeals from a judgment of the Supreme Court, Dutchess County, entered March 24, 1964 after a hearing, which denied the application and dismissed the petition. Judgment affirmed, without costs, with leave to petitioner to renew his application in the event that the condition complained of with respect to the infringement of his right to religious worship shall not have been corrected within a reasonable time. The petitioner alleged that his right to religious freedom had been continuously suppressed between 1960 and February, 1964. In his petition he referred specifically to February 3, 1964 as the date when the prison officer failed

to pick -him up' in time, causing him to be late. for church services. In opposition, respondent submitted an affidavit attributing the lateness to petitioner's own failure to be at the assembly point in time to be escorted to the services. At the hearing petitioner referred to other instances, but respondent limited his argument to the specified incident on February 3, 1964. Respondent admitted, however, that the shortage of prison officers did sometimes cause confusion. At the suggestion of the court, the respondent promised to correct the situation; and the court thereupon dismissed the petition. While prison inmates have the right to the exercise and enjoyment of religious worship, that right is subject to "proper discipline and management of the institution" (Correction Law, § 610; *Matter of Brown* v. *McGinnis*, 10 N Y 2d 531, 535–536; *Matter of Blazic* v. *Fay*, 21 A D 2d 817). Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hopkins, JJ., concur.